Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

ATTORNEY FOR PLAINTIFF

E-FILING
ORIGINAL FILED
JUL 15 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose California
ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICHARD TAKAHATA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA RECOVERY SYSTEMS,<br>INC., SONIA BANKS, ERIC MEDRANO,<br>and CHERYL DOE,<br><br>Defendants. | Civil Action No. C08-03400 RMW PVT |

COMPLAINT

DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff is a teacher's aide, working with emotionally disturbed children. Defendants made repeated calls to his classroom in an attempt to collect a debt. Defendants used abusive, intrusive, false, deceptive and misleading statements, including false threats of suit; engaged in impermissible communications with third parties (including co-workers and relatives), created a false sense of urgency and made false threats of the immediate garnishment of Plaintiff's.

2. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, headaches, diarrhea, vomiting, digestive problems, anxiety, depression, difficulty

sleeping, weight gain, crying, loss of appetite, embarrassment, humiliation, family strife, amongst other injuries.

3. This is an action for damages brought by a consumer to redress the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 et seq. (hereinafter, "state Act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.

4. According to 15 U.S.C. §1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k(d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff RICHARD TAKAHATA (hereinafter "MR. TAKAHATA") is a natural person residing in Santa Clara County, California.

2

Complaint

7. MR. TAKAHATA is "consumer" as that term is defined under 15 U.S.C. §1692a(3) and under California Civil Code §1788.2. MR. TAKAHATA is a "debtor" as defined by California Civil Code §1788.2.

8. Defendant CALIFORNIA RECOVERY SYSTEMS, INC. (hereinafter "CRSI"), is a foreign California corporation with a principal place of business at 5777 Madison Ave., Suite 960, Sacramento, CA 95841, who regularly engages in the business of collecting debts owed to third parties.

9. CRSI regularly engages in the business of collecting debts on its behalf in Santa Clara County, California, through means of interstate commerce, including the United States mails and the telephone. CRSI'S principal purpose is the collection of debt.

10. CRSI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. CRSI is a "debt collector" as defined by California Civil Code §1788.2.

12. Defendant SONIA BANKS (hereinafter "MS. BANKS") is an agent and/or employee of co-defendant CRSI. MS. BANKS regularly engages in the business of collecting debts owed to third parties.

13. MS. BANKS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

14. MS. BANKS is a "debt collector" as defined by California Civil Code §1788.

15. Defendant ERIC MEDRANO (hereinafter "MR. MEDRANO") is an agent and/or employee of co-defendant CRSI. MR. MEDRANO regularly engages in the business of collecting debts owed to third parties.

16. MR. MEDRANO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. MR. MEDRANO is a "debt collector" as defined by California Civil Code §1788.

18. Defendant CHERYL DOE (hereinafter "MS. DOE") is an agent and/or employee of co-defendant CRSI. MS. DOE regularly engages in the business of collecting debts owed to third parties.

19. MS. DOE is a "debt collector" as defined by 15 U.S.C. §1692a(6).

20. MS. DOE is a "debt collector" as defined by California Civil Code §1788.

21. Any reference hereinafter to "CRSI", "Defendant" or "Defendants" or without further qualification is meant by these Plaintiffs to refer to each Defendant named above, and or to other individual employees or agents of these Defendants who names are not yet known. Each of the defendants is an agent and/or employee of one another, and was acting in the scope of that agency and/or employment when performing the acts or omissions noted herein. Defendants approved and/or ratified the wrongful acts herein.

## IV. FACTUAL ALLEGATIONS

22. Plaintiff Richard Takahata (hereinafter "Mr. Takahata") incurred a financial obligation on an Apple Mastercard. The debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

23. Mr. Takahata is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Mr. Takahata, the debt was sold, assigned or otherwise transferred to Defendant California Recovery Systems, Inc. (hereinafter "CRSI").

24. Defendants began attempts to collect the debt. At the time of Defendants calls, Plaintiff had been working with a debt settlement company to repay his debts.

**REPEATED AND CONTINUOUS CALLS TO MR. TAKAHATA'S CELL PHONE**

25. On or about July 2007, CRSI began making repeated and continuous calls to Mr. Takahata's cell phone in an attempt to collect a debt or collect payment on a debt.

26. Defendants' calls to Mr. Takahata continued over several months.

27. CRSI would call Mr. Takahata repeatedly, up to 6 times a day, on his cell phone.

28. On or about July 2008, Defendants told Mr. Takahata to immediately deposit money in to his Bank of America account, otherwise Defendants would sue him.

29. Mr. Takahata informed Defendants that he was working with a debt settlement company in an effort to repay his debts, and that Defendants should call the debt settlement company. Mr. Takahata asked Defendants to stop calling his cell phone.

30. Defendants refused, stating, the debt settlement company would just "low ball" them.

31. Despite Plaintiffs pleas to cease calling him and to call the debt settlement company, Defendants continued to call Plaintiff.

32. On or about July 30, 2007 Defendants called Mr. Takahata, more than once, on his cell phone.

33. On or about July 31, 2007 Defendants called Mr. Takahata on his cell phone.

## REPEATED AND CONTINUOUS CALLS TO THE SCHOOL

34. Mr. Takahata is employed as a teacher's aide at a school.

35. Mr. Takahata returned to work for the school year in September 2007.

36. On or about August 2007, CRSI began making repeated and continuous telephone calls to Mr. Takahata's place of employment in an attempt to collect a debt or collect payment on a debt.

37. Mr. Takahata requested that CRSI cease all further collection attempts at his place of employment.

38. Despite Mr. Takahata's cease and desist request, CRSI continued to call Mr. Takahata repeatedly and continuously at his place of employment, since such was inconvenient.

39. In an effort to pressure Mr. Takahata, Defendants would call and speak to Mr. Takahata's co-workers, and ask them to pass messages to Mr. Takahata, as well as leave messages on Mr. Takahata's cell phone via use of a pre-recorded message.

40. Sometimes Defendants would just call and hang up.

41. Mr. Takahata works as a teacher's aide for emotionally disturbed children at a middle school.

42. Mr. Takahata works in a classroom with one other assistant, Toni, and the teacher, Heidi.

43. The classroom has only one phone. The main purpose of the phone is to communicate with the office administration, other teachers on campus, and for emergency reasons.

44. Because Mr. Takahata, Toni, and Heidi work with emotionally disturbed children, their job responsibilities are very demanding, and they don't have time for personal phone calls.

45. In one day, Defendants called about six (6) or more times. CRSI would hang up and then call back again.

**UNLAWFUL CALLS WITH CO-WORKERS: TONI**

46. Defendants' calls reached Plaintiff's co-worker, Toni, several times. The calls were from Ms. Banks and Cheryl, employees of CRSI.

47. The caller would ask to speak to Mr. Takahata concerning his debt, thus revealing Mr. Takahata's debt to a third party.

48. CRSI asked Toni where Mr. Takahata worked and what he did.

49. CRSI also asked for the telephone number of their Human Resources Department.

50. CRSI also made a comment about garnishing Mr. Takahata's wages.

51. In another call, CRSI told Toni that Mr. Takahata had a 3:00 p.m. deadline to call them back.

52. CRSI had Toni take messages, having her write down CRSI's telephone number, the person to call back, the case number, and the company name.

53. Toni found it difficult to end the conversations with CRSI and was forced to hang up the phone.

54. One day, Toni experienced the same caller from CRSI, calling numerous times. Toni tried to communicate to the caller that Mr. Takahata was busy working and that they were keeping her from working as well. Mr. Takahata finally answered the phone and after he got off the phone with CRSI, he unplugged the phone. The students then asked, "Who keeps calling our classroom?"

55. Toni told CRSI several times that its calls to the classroom were inconvenient and that she was very busy.

56. Despite knowing that their calls were inconvenient to Mr. Takahata's place of employment, CRSI just continued to make further calls.

6
Complaint

## UNLAWFUL CALLS WITH CO-WORKERS: HEIDI

57. On or about August 2007, Heidi, a teacher, returned to work from summer break. When she checked her messages, she had approximately seven (7) messages from Defendants asking for Mr. Takahata. Defendants' message revealed Mr. Takahata's name, a phone number, and a case number.

58. During the following months, CRSI called the classroom multiple times each month.

59. Heidi spoke to an employee at CRSI on at least four (4) separate occasions.

60. During each call Heidi had with CRSI, she told the caller that Mr. Takahata was not available and the number they were calling was a classroom number and that she was busy teaching students at that very moment they were calling, and thus it was an inconvenient time.

61. The caller then told Heidi that this was the phone number Mr. Takahata gave them.

62. CRSI continued to make repeated and numerous calls to the classroom at all hours.

63. On three occasions Heidi made attempts to call back the phone number CRSI left in their messages to tell CRSI not to call the classroom since it was distracting and inconvenient. She was never able to get through.

## FALSE THREATS OF IMMINENT SUIT AND GARNISHMENT

64. In October 2007 Defendants continued to calls to Mr. Takahata's school and his cell phone.

65. On or about November 2007, CRSI again called Mr. Takahata at the school demanding payment. Mr. Takahata indicated it was inconvenient for him to talk during school hours and asked her not to call back. Sonia Banks told Mr. Takahata that he was using school as an excuse not to talk to CRSI. Mr. Takahata again asked that CRSI stop calling him.

66. CRSI' manager, Eric Medrano came on the line and told Mr. Takahata the debt had to be paid that day, otherwise CRSI would move forward with the lawsuit and garnish his wages.

67. CRSI continued to call in December, leaving messages or hanging up the phone.

## CONTINUED CALLS TO THE SCHOOL, AND FALSE THREATS OF LEGAL ACTION

68. The calls continued in the second-half of the school year.

69. On or about February 1, 2008, Sonia Banks again called Mr. Takahata during school hours. Mr. Takahata had already told Ms. Banks more than three (3) times not to call him during school hours. Ms. Banks stated that it was the last day and if Mr. Takahata was not willing to resolve the matter voluntarily, Defendants would call his Human Resources Department and garnish 25% of his wages and include interest and legal fees. Mr. Takahata then hung up the phone.

70. Ms. Banks immediately called Mr. Takahata's cell phone and left a voice message that Defendants were going to call the school's Human Resources Department.

71. On one occasion Defendants called Mr. Takahata and stated:

"Hello this message is for Rick. Rick this is Sonia. Give me your call back. Uh, please call me in regards to this. You have to take care of this legal matter here in my department. Uh, my number once again is 866-502-2774 with a reference number of yours, 533431."

72. On one occasion Defendants called Mr. Takahata and stated:

"Hello, this message is for Richard Takata. Mr. Takata, this is Sonia Banks from CRSI. I do need you to give me a call back regarding a legal matter here in my office. My number to be reached is 866-502-2774. Reference number you're going to need when calling me back is 533431."

73. On one occasion Defendants called Mr. Takahata and stated:

"Hello Rick. This is Sonia Banks from CRSI. I'm calling in regards to the information we spoke on this morning. I did get that approved for you, if you can give me a call back. Today is the final day to take care of this uh, before it goes any further. So um, please give me a call back. If I don't hear from you, I'll go ahead and see what they charge. It's not official but I do have to take care of this, if not on a voluntary basis from you. So please give me a call back today, before 4:30 and we'll go ahead and take care of this."

74. On one occasion Defendants called Mr. Takahata and stated:

"Hello Rick this is Sonia from California Recovery Systems giving you a call back in regards to your legal matter that was approved for you. I need a call back today to set this up. You need to call back no later than 1pm today to resolve this matter here in my office. Once again my number is 866-502-2774 reference number 533431."

75. On one occasion Defendants called Mr. Takahata and stated:

8
Complaint

"Hello this message is for Rick. This is Sonia Banks with CRSI returning your phone call. I will need the dates that you want to be requested. Please give me a call back, you only have an hour, not even an hour to. You have until 3:30 to get back to me to keep this arrangement. If not we need to go ahead and do what we have to do to keep this as a voluntary basis. But if we do not hear from you by 3:30, then I take it that you no longer want this arrangement. So, if you care to have an input please give me a call back with the dates required for the 6 months, so this can be sent out to you. Delaying it does not help. Today is the final day of the eighth by 3:30 Pacific Time today. My number once again is 866-502-2774, your filing number or I should say your case number is 533431."

76. On one occasion Defendants called Mr. Takahata and stated:

"Hello this message is for Richard Takata (Plaintiff's last name was mispronounced). Mr. Takata, this is Sonia Banks from California Recovery Systems once again. It seems like we're hitting missing on leaving messages, but I'm waiting on you to return my phone call. I don't know if you want to take this seriously. But I'm trying …but you don't want that help. We need to resolve this today. If not, it's your choice. My number, 866-502-2774, your case number is 533431. You wanted us to send a letter of resolution on in regards to your legal mater. I cannot give … information unless you're willing to give it out …. Like I said I've left you several messages, I need that call back from you today no later than 3pm."

77. On one occasion Defendants called Mr. Takahata and stated:

"This is an important message for Mr. Takahata. This is not a sales or marketing message. Please return this call toll-free at 866-502-2774 and refer to reference number 533431. Again the number is 866-502-2774 and refer to reference number 533431."

78. On one occasion Defendants called Mr. Takahata and stated:

"Hello this message is for Richard K. Takata (Plaintiff's last name was mispronounced). Mr. Takata this is Sonia Banks from CRSI calling you back in regards to your legal matter here in my office that still has not been resolved. My number for you to do so is 866-502-2774 case number 533431."

79. On numerous occasions Defendants called Mr. Takahata's cell phone, using a pre-recorded message.

Defendants message would state:

"This is an important message for Mr. Takahata. This is not a sales or marketing message. Please return this call toll-free at 866-502-2774 and refer to reference number 533431. Again the number is 866-502-2774 and refer to reference number 533431."

## REPEATED AND CONTINOUS CALLS TO MR. TAKAHATA'S PARENTS

80. CRSI also began making repeated and continuous calls to Mr. Takahata's parents in Hawaii in regards to Mr. Takahata's debt.

81. CRSI called Mr. Takahata's mother. Mr. Takahata's mother informed CRSI that she was not Mr. Takahata's wife and that Mr. Takahata did not live with her.

82. Nevertheless, CRSI continued to make repeated and continuous calls to Mr. Takahata's mother, regarding Mr. Takahata's debt.

83. CRSI engaged in impermissible communication with Mr. Takahata's mother, tried to obtain information about Mr. Takahata and attempted to collect payment on the debt from Mr. Takahata's mother.

84. CRSI made calls to Mr. Takahata's mother, stating that they wanted her to pay the debt to CRSI. Mr. Takahata told CRSI that they would have to deal with Mr. Takahata about the debt.

85. In one call, on or about February 13, 2008, Mr. Takahata's mother received a telephone call from CRSI. When she answered the call there was an automated message that stated:

    "This is an important message for Mr. Takahata. This is not a sales or marketing message. Please return this call toll-free at 866-502-2774 and refer to reference number 533431. Again the number is 866-502-2774 and refer to reference number 533431."

86. The message was similar to the automated messages CRSI made to Mr. Takahata's cell phone.

87. Defendants made numerous calls to where they failed to meaningfully identify themselves and failed to provide notices required by state and federal law.

88. Defendants engaged in abusive, false, deceptive and misleading statement conduct in an attempt to collect a debt.

89. Defendants engaged in intrusive and abusive conduct in an attempt to collect a debt.

90. Defendants engaged in conduct which had the natural consequence to harass, oppress and abuse.

91. Defendants threatened imminent action not intended and not taken within the time frame threatened, including immediate legal action and wage garnishment.

92. Defendants created a false sense of urgency.

93. Defendants falsely represented that a lawsuit had already been filed against Plaintiff when in fact no suit was filed.

94. Defendants used unfair and unconscionable means in an attempt to collect a debt.

95. Defendants engaged in impermissible third-party contacts.

**DEFENDANTS ABSUSIVE COLLECTION PRACTICES CAUSED DAMAGES**

96. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, headaches, diarrhea, vomiting, digestive problems, anxiety, depression, difficulty sleeping, weight gain, crying, loss of appetite, family strife, amongst other injuries.

97. Mr. Takahata's health problems caused by Defendants' abusive and unlawful conduct affected Plaintiff's performance at his job.

98. As a result of the above violation, Defendants are liable to Plaintiffs for statutory damages, actual and punitive damages, attorney's fees and costs.

### V.  FIRST CAUSE OF ACTION - FDCPA

99. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

100. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations §§ 1692b, 1692c, 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

101. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

### VI.  SECOND CAUSE OF ACTION – ROSENTHAL FDCPA

102. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

103. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading

11

Complaint

practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.10(e), 1788.11, 1788.12, 1788.13, and 1788.17.

104. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## VII. THIRD CAUSE OF ACTION – INTRUSION UPON SECLUSION

105. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

106. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

107. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

108. Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

109. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiffs emotional distress.

110. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

111. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII. FOURTH CAUSE OF ACTION - TORT IN SE

112. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

113. Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-in-se."

114. Defendants engaged in an unlawful course of conduct in violation of 15 U.S.C. §1692 et seq. and Civil Code 1788 et seq. towards a member of the class of those protected by consumer protection statutes.

## IX. FIFTH CAUSE OF ACTION – TELEPHONE CONSUMER PROTECTION ACT

115. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs above as though fully stated herein.

116. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

## X. SIXTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

117. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

118. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

119. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

120. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

121. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

122. It is clearly foreseeable that Defendants' actions as described herein could cause severe and serious emotional distress.

123. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

124. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## XI. SEVENTH CAUSE OF ACTION - NEGLIGENCE

125. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

126. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

127. Defendants owed a duty to refrain from outrageous and abusive telephone calls in connection with their attempts to collect a debt.

128. Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of their rights.

129. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

130. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## XII. EIGTH CAUSE OF ACTION - NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

131. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

132. Defendant was negligent in the hiring, training, retention, and/or supervision of its employees and of the co-defendants. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

133. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, training, retention, and/or supervision in that Defendant owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duty was breached, said breach was the proximate cause of damages suffered by

14

Complaint

Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendant acted with fraud, oppression or malice. The actions of Defendants were highly unreasonable and demonstrate an extreme departure from ordinary care.

134. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k

B. Statutory and actual damages pursuant to California Civil Code § 1788.17 and 1788.30.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code § 1788.17 and Civil Code § 1788.30.

D. Actual and punitive damages.

E. Award statutory damages in the amount of $500.00 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

F. For such other and further relief as may just and proper.

Respectfully submitted,

_____    7/14/08
Ronald Wilcox, Attorney for Plaintiff    Date

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demand trial by jury in this action.

_____    7/14/08
Ronald Wilcox    Date

15
Complaint