1  Mark E. Ellis – 127159
   Wendy D. Vierra – 210058
2  ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA  95825
   Tel: (916) 283-8820
4  Fax: (916) 283-8821

5  Attorneys for Defendants
   CALIFORNIA RECOVERY SYSTEMS, INC., SONIA BANKS,
6  and ERIC MEDRANO

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD TAKAHATA,                    | Case No.:  C 08 03400
12                                       |
         Plaintiff,                      | **ANSWER TO PLAINTIFF 'S**
13                                       | **COMPLAINT**
    v.                                   |
14                                       | **DEMAND FOR JURY TRIAL**
15  CALIFORNIA RECOVERY SYSTEMS,         |
    INC., SONIA BANKS, ERIC MEDRANO      |
16  and CHERYL DOE,                      |
17                                       |
         Defendants.                     |
18

19

20        Defendants CALIFORNIA RECOVERY SYSTEMS, INC., SONIA BANKS, and ERIC

21  MEDRANO (hereinafter "Defendants"), through their counsel, hereby respond to Plaintiff's

22  Complaint as follows:

23        1.    As to paragraph 1, Defendants are without sufficient information and belief at

24  this time to admit or deny the allegations with respect to Plaintiff's employment, and therefore

25  must deny the same.  With respect to the remaining allegations of this paragraph, Defendants

26  admit only that they made phone calls to Plaintiff in an effort to collect a debt, and deny all

27  remaining allegations of this paragraph.

28        2.    As to paragraph 2, Defendants deny these allegations.

                                    - 1 -

3.    As to paragraph 3, Defendants admit only that Plaintiff's Complaint alleges a number of statutory and common law claims against Defendants arising out of Defendants' collection of Plaintiff's debt, though deny that Plaintiff has stated any viable claims against Defendants. Defendants further deny that they have violated these laws in the respects alleged.

4.    As to paragraph 4, Defendants admit that the referenced section appears to accurately depict the language contained in 15 U.S.C. §1692.

5.    As to paragraph 5, Defendants admit that this court has subject matter jurisdiction over Plaintiff's federal claims. Defendants deny that this court has supplemental jurisdiction should be afforded to the state law causes of action. Defendants do not contest venue.

6.    As to paragraph 6, Defendant admits that Plaintiff is a natural person. As to whether Plaintiff resides in Santa Clara County, California, Defendants lacks sufficient information and belief to admit or deny this allegation and therefore denies same.

7.    As to paragraph 7, Defendants lack sufficient information and belief to enable them to admit or deny whether Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692a(3) and a debtor within the meaning of California Civil Code §1788.2, and therefore deny the allegations of this paragraph.

8.    As to paragraph 8, Defendants admit that California Recovery Systems, Inc. is a California corporation with its principal place of business at the address alleged in this paragraph. Defendants also admit that it regularly engages in the collection of debts owed another.

9.    As to paragraph 9, Defendants admit that Defendant California Recovery Systems, Inc. engages in the business of collecting debts in Santa Clara county through the United States mails and telephone. Defendants also admit that Defendant California Recovery Systems, Inc.'s principal purpose is the collection of debts. Defendants deny any remaining allegations of this paragraph.

10.    As to paragraph 10, Defendants admit that under certain circumstances, Defendant California Recovery Systems, Inc. is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11.    As to paragraph 11, Defendants admit that under certain circumstances, Defendant California Recovery Systems, Inc. is a "debt collector" as defined by California Civil Code §1788.2.

12.    As to paragraph 12, Defendants admit.

13.    As to paragraph 13, Defendants admit that under certain circumstances, Defendant Banks is a "debt collector" as defined by 15 U.S.C. §1692a(6).

14.    As to paragraph 14, Defendants admit that under certain circumstances, Defendant Banks is a "debt collector" as defined by California Civil Code §1788.2.

15.    As to paragraph 15, Defendants admit.

16.    As to paragraph 16, Defendants admit that under certain circumstances, Defendant MEDRANO acts as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.    As to paragraph 17, Defendants admit that under certain circumstances, Defendant MEDARANO acts as a "debt collector" as defined by California Civil Code §1788.2.

18.    As to paragraph 18, Defendants admit only that Defendant California Recovery Systems formerly employed an individual named Cheryl that engaged in the business of collecting debts for Defendant, and deny any other allegations in this paragraph.

19.    As to paragraph 19, Defendants admit that under certain circumstances, its former employee "Cheryl" acted as a "debt collector" as defined by 15 U.S.C. §1692a(6) while employed at Defendant California Recovery Systems, but is not employed with Defendant California Recovery Systems at this time.  However, to the extent that this paragraph refers to someone other than this individual, then Defendants lack sufficient information and belief to admit or deny and therefore deny same.

20.    As to paragraph 20, Defendants admit that under certain circumstances, its former employee "Cheryl." acted as a "debt collector" as defined by California Civil Code

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1  §1788.2 while employed at Defendant California Recovery Systems, but is not employed with

2  Defendant California Recovery Systems at this time.   However, to the extent that this

3  paragraph refers to someone other than this individual, then Defendants lack sufficient

4  information and belief to admit or deny and therefore deny same.

5        21.    As to paragraph 21, Defendants deny all allegations of this paragraph other than

6  what has already been admitted herein.

7        22.    As to paragraph 22, Defendants admit upon information and belief, that Plaintiff

8  incurred a financial obligation on an Apple brand credit card.    Defendants lack information

9  and belief as to the remaining allegations of this paragraph with respect to whether the

10  financial obligation incurred by PLAINTIFF was incurred for personal, family or household

11  purposes, whether said financial obligation constitutes a "debt" as defined by 15 U.S.C.

12  §1692a(5) or a "consumer debt" within the meaning of California Civil Code §1788.2(f), and

13  therefore must deny all allegations in this paragraph on this ground.

14        23.    As to paragraph 23, Defendants admit only that PLAINTIFF'S overdue credit

15  card account was assigned by Defendant for collection purposes by Harvest Credit

16  Management, and deny all other allegations of this paragraph.

17        24.    As to paragraph 24, Defendants admit only that collection efforts were taken by

18  it to collect Plaintiff's overdue credit account. Defendants lack sufficient information and

19  belief as to whether Plaintiff had been working with a debt settlement company at the time of

20  Defendants' collection efforts, and therefore must deny all remaining allegations of this

21  paragraph.

22        25.    As to paragraph 25, Defendants admit only that in July of 2007, agents and/or

23  employees of Defendant California Recovery Systems made phone calls as part of its

24  collection efforts for Plaintiff's debt, but deny all remaining allegations of this paragraph.

25        26.    As to paragraph 26, Defendants admit that as part of its collection efforts and

26  upon information and belief, calls were placed in the remaining months of 2007 to a number

27  identified as Plaintiff's cell phone during the months of August, October, and  November of

28  2007.

- 4 -

27. As to paragraph 27, Defendants admit only that it placed calls to Plaintiff on his cell phone, at Plaintiff's request, as part of its collection efforts on Plaintiff's debt, but deny all remaining allegations and implications in this paragraph.

28. As to paragraph 28, Defendants deny.

29. As to paragraph 29, Defendants deny.

30. As to paragraph 30, Defendants deny.

31. As to paragraph 31, Defendants deny.

32. As to paragraph 32, Defendants admit that on the date alleged, Defendants phoned a number identified to them as Plaintiff's cell phone.

33. As to paragraph 33, Defendants admit.

34. As to paragraph 34, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

35. As to paragraph 35, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

36. As to paragraph 36, Defendants admit that Defendant California Recovery Systems made calls to Plaintiff's place of employment in August of 2007, though deny all remaining allegations of this paragraph.

37. As to paragraph 37, Defendants admit that Plaintiff requested that that Defendant California Recovery Systems cease all further collection phone calls to his place of employment, which Defendants complied.

38. As to paragraph 38, Defendants deny.

39. As to paragraph 39, Defendants deny.

40. As to paragraph 40, Defendants deny.

41. As to paragraph 41, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

42. As to paragraph 42, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

43.    As to paragraph 43, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

44.    As to paragraph 44, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

45.    As to paragraph 45, Defendants admit that on August 1, 2007, it placed approximately six to seven calls to Plaintiff in order to finalize payment arrangements during its communications with Plaintiff the preceding day.    Defendants deny all remaining allegations of this paragraph.

46.    As to paragraph 46, Defendants admit that employee Banks and a former employee named "Cheryl" called Plaintiff at his place of employment at the number provided to Defendants, and spoke with unidentified female(s) during these calls. Defendants lack sufficient information and belief to admit or deny the remaining allegations of this paragraph, and therefore deny the same.

47.    As to paragraph 47, Defendants deny these allegations.

48.    As to paragraph 48, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

49.    As to paragraph 49, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

50.    As to paragraph 50, Defendants deny this allegation to the extent it implies that Defendants made any comment to Plaintiff's co-workers with respect to the garnishment of Plaintiff's wages.

51.    As to paragraph 51, Defendants lack sufficient information and belief to admit or deny, and therefore deny same.

52.    As to paragraph 52, Defendants admit only that it left messages with Plaintiff's coworker, whose name is uknown at this time, leaving its contact information with said coworker with the request for Plaintiff to return Defendants' call.  Defendants deny all other allegations of this paragraph.

53.    As to paragraph 53, Defendants deny.

54.    As to paragraph 54, Defendants admit only that it placed calls on occasion to Plaintiff at his place of employment.  Defendants deny the remaining allegations of this paragraph.

55.    As to paragraph 55, Defendants lack sufficient information and belief as to statements alleged to have been made by this coworker to Defendants, and therefore must deny same.

56.    As to paragraph 56, Defendants deny.

57.    As to paragraph 57, Defendants admit only that it phoned Plaintiff's place of employment at a number he had provided to Defendants to reach him at, and had left messages for Plaintiff at this  number in its effort to collect Plaintiff's outstanding debt.  Defendants deny the allegations of this paragraph to the extent it alleges that Defendants communicated to third parties that the phone calls concerned any debt owed by Plaintiff.  Defendants lack sufficient information and belief as to the remaining allegations of this paragraph, and therefore deny the same.

58.    As to paragraph 58, Defendants admit that it placed phone calls to Plaintiff's place of employment with his permission.  Defendants deny any remaining allegations of this paragraph.

59.    As to paragraph 59, Defendants lack sufficient information and belief to admit or deny and therefore deny the same.

60.    As to paragraph 60, Defendants lack sufficient information and belief to admit or deny and therefore denies the same.

61.    As to paragraph 61, Defendants lack sufficient information and belief as to whether they had any phone calls with a coworker of Plaintiff named "Heidi", and therefore must deny on this ground.  Defendants do admit that Plaintiff provided Defendants a phone number at his place of employment to reach him at.

62.    As to paragraph 62, Defendants deny.

63.    As to paragraph 63, Defendants lack sufficient information and belief to admit or deny these allegations, and therefore deny the same.

1    64.    As to paragraph 64, Defendants admit that they phoned Plaintiff at a cell phone

2    number provided to Defendants, but deny the remaining allegations of this paragraph.

3    65.    As to paragraph 65, Defendants admit only that they contacted Plaintiff in

4    November of 2007 as part of its collection efforts on Plaintiff's outstanding debt.  Defendants

5    deny the remaining allegations of this paragraph.

6    66.    As to paragraph 66, Defendants deny.

7    67.    As to paragraph 67, Defendants admit that it left messages for Plaintiff as part of

8    its collection efforts on Plaintiff's outstanding debt, though deny all remaining allegations of

9    this paragraph.

10   68.    As to paragraph 68, Defendants admit that they phoned Plaintiff at his place of

11   employment in January and February of 2008 as part of its ongoing discussions with Plaintiff

12   to arrange payment on the outstanding debt.  Defendants deny all remaining allegations of this

13   paragraph.

14   69.    As to paragraph 69, Defendants deny they had any communications with Plaintiff

15   on February 1, 2008 as alleged.  Defendants do admit that an employee called and spoke with

16   Plaintiff on January 28, 2008 and February 7, 2008 although deny all of the alleged statements

17   were made by Defendants during these conversations.  Defendants admit generally that debtors

18   may be cautioned that wages may be eventually garnished to pay outstanding debts and such a

19   caution may have been communicated to Plaintiff during a communication on another date.

20   However, Defendants lack sufficient information and belief as to whether Defendants

21   communicated any such warning to Plaintiff and therefore must deny the same.  Defendants

22   also deny all remaining allegations of this paragraph.

23   70.    As to paragraph 70, Defendants lack sufficient information and belief to admit or

24   deny the precise language of the messages left for Plaintiff, and therefore must deny on this

25   ground.

26   71.    As to paragraph 71, Defendants lack sufficient information and belief to admit or

27   deny the precise language of the messages left for Plaintiff, and therefore must deny on this

28   ground.

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1    72.    As to paragraph 72, Defendants lack sufficient information and belief to admit or
2    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
3    ground.

4    73.    As to paragraph 73, Defendants lack sufficient information and belief to admit or
5    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
6    ground.

7    74.    As to paragraph 74, Defendants lack sufficient information and belief to admit or
8    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
9    ground.

10    75.    As to paragraph 75, Defendants lack sufficient information and belief to admit or
11    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
12    ground.

13    76.    As to paragraph 76, Defendants lack sufficient information and belief to admit or
14    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
15    ground.

16    77.    As to paragraph 77, Defendants lack sufficient information and belief to admit or
17    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
18    ground.

19    78.    As to paragraph 78, Defendants lack sufficient information and belief to admit or
20    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
21    ground.

22    79.    As to paragraph 79, Defendants lack sufficient information and belief to admit or
23    deny the precise language of the messages left for Plaintiff, and therefore must deny on this
24    ground.

25    80.    As to paragraph 80, Defendants admit that they phoned a number with a Hawaii
26    area code prefix as part of its collection efforts of Plaintiff's debt, though lack sufficient
27    information and belief to admit or deny the remaining allegations of this paragraph and
28    therefore must deny the same.

81.    As to paragraph 81, Defendants admit that they phoned a number with a Hawaii area code prefix as part of its collection efforts of Plaintiff's outstanding debt, and admit that a female informed Defendants after a long pause that Plaintiff did not live there.  Defendants lack sufficient information and belief to admit or deny the remaining allegations of this paragraph at this time, and therefore deny the same.

82.    As to paragraph 82, Defendants deny.

83.    As to paragraph 83, Defendants admit only that it may have requested contact information for Plaintiff from the person who resided at the Hawaii area code prefix, but deny all remaining allegations of this paragraph.

84.    As to paragraph 84, Defendants admit only that it placed phone calls to a number with a Hawaii area code prefix, but lack sufficient information and belief at this time as to whether the number belonged to Plaintiff's mother.  Defendants deny all remaining allegations of this paragraph.

85.    As to paragraph 85, Defendants admit that on this date it placed a call to a number ending in -3303 and left a message on a recorder.  Defendants lack sufficient information and belief to admit or deny whether this was the precise language used in the message, and therefore must deny the same.

86.    As to paragraph 86, Defendants lack sufficient information and belief to admit or deny the allegations, and therefore deny the same.

87.    As to paragraph 87, Defendants deny.

88.    As to paragraph 88, Defendants deny.

89.    As to paragraph 89, Defendants deny.

90.    As to paragraph 90, Defendants deny.

91.    As to paragraph 91, Defendants deny.

92.    As to paragraph 92, Defendants deny.

93.    As to paragraph 93, Defendants deny.

94.    As to paragraph 94, Defendants deny.

95.    As to paragraph 95, Defendants deny.

1    96.    As to paragraph 96, Defendants deny.

2    97.    As to paragraph 97, Defendants deny.

3    98.    As to paragraph 98, Defendants deny.

4    99.    As to paragraph 99, Defendants incorporate by reference their prior admissions

5    and denials as set forth above and as if set forth fully herein.

6    100.    As to paragraph 100, Defendants deny.

7    101.    As to paragraph 101, Defendants deny.

8    102.    As to paragraph 102, Defendants incorporate by reference their prior admissions

9    and denials as set forth above and as if set forth fully herein.

10    103.    As to paragraph 103, Defendants deny.

11    104.    As to paragraph 104, Defendants deny.

12    105.    As to paragraph 105, Defendants incorporate by reference their prior admissions

13    and denials as set forth above and as if set forth fully herein.

14    106.    As to paragraph 106, Defendants deny.

15    107.    As to paragraph 107, Defendants deny this allegation to the extent that it alleges

16    that Defendants violated any reasonable expectation of privacy Plaintiff may have had.

17    Defendants further respond that this allegation is not a statement of fact but is an alleged

18    statement of the law, and no response is necessary, therefore denies on this ground.

19    108.    As to paragraph 108, Defendants deny.

20    109.    As to paragraph 109, Defendants deny.

21    110.    As to paragraph 110, Defendants deny.

22    111.    As to paragraph 111, Defendants deny.

23    112.    As to paragraph 112, Defendants incorporate by reference their prior admissions

24    and denials as set forth above and as if set forth fully herein.

25    113.    As to paragraph 113, Defendants deny.

26    114.    As to paragraph 114, Defendants deny.

27    115.    As to paragraph 115, Defendants incorporate by reference their prior admissions

28    and denials as set forth above and as if set forth fully herein.

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

116. As to paragraph 116, Defendants deny.

117. As to paragraph 117, Defendants incorporate by reference their prior admissions and denials as set forth above and as if set forth fully herein.

118. As to paragraph 118, Defendants deny.

119. As to paragraph 119, Defendants deny.

120. As to paragraph 120, Defendants deny.

121. As to paragraph 121, Defendants deny.

122. As to paragraph 122, Defendants deny.

123. As to paragraph 123, Defendants deny.

124. As to paragraph 124, Defendants deny.

125. As to paragraph 125, Defendants incorporate by reference their prior admissions and denials as set forth above and as if set forth fully herein.

126. As to paragraph 126, Defendants deny.

127. As to paragraph 127, Defendants admit only that federal and state statutes impose duties on collectors with respect to their collection of debts, but deny that they engaged in any such conduct.

128. As to paragraph 128, Defendants deny.

129. As to paragraph 129, Defendants deny.

130. As to paragraph 130, Defendants deny.

131. As to paragraph 131, Defendants incorporate by reference their prior admissions and denials as set forth above and as if set forth fully herein.

132. As to paragraph 132, Defendants deny.

133. As to paragraph 133, Defendants deny.

134. As to paragraph 134, Defendants deny.

135. All other allegations in the complaint, not specifically admitted or denied are denied.

136. Defendants deny that Plaintiff is entitled to any relief in the particulars requested.

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations, including but not limited to the applicable 1 year jurisdictional statute of limitations period of **15 U.S.C. § 1692k(d)** (FDCPA) and/or the statute of limitations period under **Cal. Civ. Code §1788.30(f)** (Rosenthal FDCPA).

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, or his Rosenthal claim is barred by virtue of **Cal. Civil Code §1788.30(g)**.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.     Defendants allege that all their actions were taken in good faith and with a reasonable belief that such actions were lawful.

### SIXTH AFFIRMATIVE DEFENSE

6.     Defendants allege that Plaintiff's Complaint, and the causes of action alleged therein, is barred because the amount Defendants sought to collect for the account involved in this lawsuit was expressly authorized by the agreement creating the debt.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Defendants have no civil liability under the FDCPA, **15 U.S.C. § 1692**, *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was

1   unintentional and resulted from the maintenance of procedures reasonably adopted to avoid

2   any such violation.

3              **EIGHTH AFFIRMATIVE DEFENSE**

4          8.     Defendants allege that any representations or statements alleged to have been

5   made by Defendants were true, accurate at the time made, and/or otherwise were made in good

6   faith and with a reasonable belief as to their validity and accuracy.

7              **NINTH AFFIRMATIVE DEFENSE**

8          9.     Defendants allege that they acted lawfully and intended to take any and all action

9   contemplated, whether expressly allowed by contract or permitted by law, as represented to

10  Plaintiff.

11             **TENTH AFFIRMATIVE DEFENSE**

12         10.    Defendants allege that they acted lawfully and there was a reasonable likelihood

13  that any legal action contemplated and represented to Plaintiff would be taken.

14             **ELEVENTH AFFIRMATIVE DEFENSE**

15         11.    Plaintiff's Complaint (and the causes of action alleged therein) is barred by the

16  doctrine of Laches.

17             **TWELFTH AFFIRMATIVE DEFENSE**

18         12.    Plaintiff is barred from recovery because the Complaint (and the causes of action

19  alleged therein) is barred by the Doctrine of Unclean Hands.

20             **THIRTEENTH AFFIRMATIVE DEFENSE**

21         13.    Plaintiff's Complaint (and the causes of action alleged therein) is barred by the

22  Doctrines of Waiver, and/or estoppel.

23             **FOURTEENTH AFFIRMATIVE DEFENSE**

24         14.    Defendants allege that Plaintiff's Complaint (and the causes of action alleged

25  therein) is barred because each of Plaintiff's claims is subject to the litigation privilege set

26  forth in **California Civil Code § 47(b)**, or arising under federal and state common law.

27             **FIFTHTEENTH AFFIRAMTIVE DEFENSE**

28         15.    Defendants allege that Plaintiff's Complaint (and the causes of action alleged

- 14 -

1    therein) is barred because each of Plaintiff's claims is subject to the interested person privilege

2    set forth in **California Civil Code § 47(c)**, or arising under federal and state common law.

3         **SIXTEENTH AFFIRMATIVE DEFENSE**

4         16.      Defendants allege that Plaintiff's Complaint (and the causes of action alleged

5    therein) is subject to set-off.

6         **SEVENTEENTH AFFIRMATIVE DEFENSE.**

7         17.      All alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint,

8    and the causes of action alleged therein, were consented to by the Plaintiff.

9         **EIGHTEENTH AFFIRMATIVE DEFENSE**

10        18.      Defendants allege that Plaintiff's Complaint (and the causes of action alleged

11    therein) is barred because Defendants' actions were taken in reasonable reliance upon

12    information provided by their client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La.

13    1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

14        **NINETEENTH AFFIRMATIVE DEFENSE**

15        19.      Defendants allege that Plaintiff's Complaint, and the causes of action for violation

16    of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

17        **TWENTIETH AFFIRMATIVE DEFENSE**

18        20.      Plaintiff's Complaint is barred due to applicable statutory and/or common law

19    immunities.

20    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21        21.      Defendants hereby allege the following affirmative defenses, including, but not

22    limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at

23    this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, res

24    judicata, failure to join an indispensable party, and abatement.

25        **WHEREFORE**, Defendants pray for:

26    1.      That Plaintiff, and each of them, take nothing by way of this action;

27    2.      That Plaintiff's Complaint be dismissed;

28    3.      That Defendants be awarded reasonable attorneys' fees and costs incurred in defending

1   this action; and

2   4.    For such other and further relief as this Court deems just and proper.

3   Dated: August 28, 2008                    Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

4

5
                                              By /s/ Wendy Vierra
6                                                Wendy V. Vierra
                                                 Attorney for Defendants
7                                                CALIFORNIA RECOVERY SYSTEMS, INC.,
                                                 SONIA BANKS, AND ERIC MEDRANO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1    **DEMAND FOR JURY TRIAL**

2         Defendants CALIFORNIA RECOVERY SYSTEMS, INC., SONIA BANKS, and ERIC

3    MEDRANO hereby demand a jury trial in this matter.

4    Dated: August 28, 2008

5

6                              By /s/ Wendy Vierra
                                   Wendy V. Vierra
7                                  Attorney for Defendants
                                   CALIFORNIA RECOVERY SYSTEMS, INC.,
8                                  SONIA BANKS, AND ERIC MEDRANO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Angelina Endsley, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On August 28, 2008, I served the following document(s) on the parties in the within action:

## ANSWER TO PLAINTIFF'S COMPLAINT

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Ronald Wilcox, Esq.<br>2160 The Alameda, First Floor, Suite F<br>San Jose, California 95126 | Attorneys for Plaintiff  RICHARD TAKAHATA |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 28, 2008.

By: _____
Angelina Endsley

ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL